# CHARLESTON.

## WALKER *v.* HENRY.

Submitted January 19, 1892.—Decided February 12, 1892.

1. DECLARATION—PLEADING—PROMISSORY NOTE.

Where a promissory note has been assigned for value received to A., who sued thereon and obtained judgment against the maker, and subsequently assigned and transferred said judgment for value received to B. who sued out execution thereon, which resulted in a return: "No property found,"—in an action of *assumpsit*, brought by B. against the original payee in said note, a declaration was filed which contains but one special count, in which the date of said assignments, judgment and return are set forth, averring that said assignments were made for value received, and that the defendant had notice thereof, and concluding: "By reason whereof the said defendant became and was liable to pay" *etc.*, "and undertook and faithfully promised the plaintiff to pay him the said sum" *etc.* Although considerable delay before bringing suit on said note, and suing out execution thereon may be apparent in said recitals, it is not necessary to aver in the declaration any excuse for such delay ; and such declaration is good upon general demurrer.

2. PRESUMPTION—NONSUIT—REINSTATEMENT.

Where a plaintiff is nonsuited, and is ordered to pay costs and damages, if by a subsequent order in the case the nonsuit is set aside, and the action is reinstated on the docket, as recited in the order, upon the payment of costs, and at another day the parties appear by their attorneys and waive a jury and consent to submit the matters of law and fact to the court in lieu of a jury, and the trial is proceeded with, it must be presumed that the former order, requiring the payment of costs, has been either complied with or waived by the parties.

*Simms & Enslow* for plaintiff in error cited 6 Leigh 397 ; Id. 386 ; 2 Tuck. Comm. 350 ; 2 Wash. 230 ; 3 Munf. 550, 552, note 555 ; 4 Munf. 95 ; 5 Munf. 23 ; 10 Leigh 448 ; 4 Rob. Prac. 504 ; Id. 112 ; 1 Arch. N. P. 200, 201 ; 1 Call

497 ; 9 Gratt. 695 ; Id. 685 ; 8 B. Mon. 228; Id. 299 ; 7 B. Mon. 132; 2 Rob. Prac. 273 ; Id. 279 ; 5 Gratt. 133 ; Id. 437 ; 5 Rand. 31 ; 6 Leigh 386 ; 7 Gratt. 695 ; 1 Tuck. Comm. 350, 352 ; 5 W. Va. 221 ; 7 Hill 35 ; 5 Hill 285 ; 1 Ad. & Ell. (N. S.) 18 ; 7 Wend. 233, 237 ; Will. 413 ; 4 Moss. 641 ; Phil. Ev. (Cow. & H. Notes) 906 ; 19 Johns. 7, 33–35 ; 4 Taunt. 48 ; 1 Saund. 74 ; Id. 171 ; 3 Man. & G. 171 ; 4 Call 492 ; Id. 504 ; 4 Rob. Prac. 423 ; 2 W. Va. 13 ; 2 Rob. (New) Prac. 271 ; 3 Dana 409 ; 23 W. Va. 627 ; Id. 617 ; 22 W. Va. 142 ; 29 W. Va. 543 ; 2 Bl. Judgts. 964–6 ; 1 Rob. (New) Prac. 112 ; 12 W. Va. 699 ; 19 W. Va. 352 ; Greenl. Ev. § 135 ; 10 Gratt. 155.

*Campbell & Holt* for defendant in error cited 3 Munf. 550 ; 1 Call 197 ; 1 Bish. Cont. §§ 94–98 ; 11 Mor. (Pa.) 289 ; 7 Watts 139.

ENGLISH, JUDGE :

This case was argued and submitted at the June term of this Court, 1891, and an opinion was handed down at the special term held in the month of December, 1891. A petition was presented by the plaintiff in error, praying a rehearing of the cause, which was allowed, and the same was reargued at the present term.

The record in the case discloses the following facts, upon which the plaintiff's action was predicated:—On the 22d day of July, 1884, Charles Burks executed and delivered his promissory note to N. W. Henry, whereby he promised five months after the date thereof to pay to the said N. W. Henry the sum of one hundred and fifty dollars ; and afterwards, and before the payment of the sum specified in said promissory note, or any part thereof, to wit, on the 1st day of September, 1884, the said N. W. Henry, by an indorsement in writing on the said promissory note, signed by him, assigned the said promissory note to one Harrison Watts, for value received, and afterwards, to wit, on the 12th day of October, 1885, the said Harrison Watts brought suit on said note before a justice of Wayne county, W. Va., against the said Charles Burks, and recovered judgment before said justice on said note for the sum of one hundred

and fifty seven dollars and sixty four cents with interest thereon till paid, and two dollars and fifteen cents costs; and on the 30th day of October, 1885, the said Harrison Watts sold, assigned and transferred the said judgment to one P. S. Walker, for value received, and the said P. S. Walker, for the purpose of having said judgment satisfied, sued out a writ of *fieri facias* upon said judgment, which was directed to a constable of said county, against the goods and chattels of said Charles Burks, on which writ the said constable, on the 12th day of May, 1887, returned : "No property found."

On the 27th day of August, 1889, the said P. S. Walker instituted an action of *assumpsit* against said N. W. Henry to recover the amount of said judgment, interest and costs and filed his declaration therein at the October rules, 1889, which declaration contained but one count, in which was set forth the execution and delivery of said promissory note by Charles Burks on the 22d day of July, 1884, to the defendant, N. W. Henry, whereby he promised, five months after date, to pay to said defendant the sum of one hundred and fifty dollars; and that afterwards, and before the payment of said sum, or any part thereof, to wit, on the 1st day of September, 1884, the said defendant, by an indorsement in writing on said promissory note, signed by him with his name, assigned the same promissory note to one Harrison Watts, for value received, and that on the 12th day of October, 1885, the said Harrison Watts brought a civil action on said note before G. P. Porter, a justice of the county of Wayne, W. Va., against the said Charles Burks, and recovered a judgment before said justice on the said note for the sum of one hundred and fifty seven dollars and sixty four cents with interest till paid and costs amounting to two dollars and fifteen cents; and that afterwards, to wit, on the 30th day of October, 1885, the said Harrison Watts sold, assigned and transferred the said judgment to the said plaintiff, for value received—of all of which said premises the said defendant had due and sufficient notice; and that to satisfy the said judgment the said plaintiff sued out a writ of execution upon said judgment directed to F. M. Wooten constable of said Wayne county,

commanding him to make, out of the goods and chattels of the said Charles Burks, the amount of the said judgment, with the costs aforesaid, to render to the plaintiff, on which writ of execution the said constable returned, May 12, 1887, "No property to make the within out of," which return was indorsed by the said constable upon said execution, as by the docket and proceedings of said justice remaining appears—of all which said premises the said defendant afterwards, to wit, on the said 12th day of May, 1887, had notice; by reason whereof the said defendant became and was liable to pay to the said plaintiff the said sum of one hundred and fifty seven dollars and sixty nine cents with interest thereon and the costs aforesaid; and the said defendant, in consideration thereof, being so liable as aforesaid, to wit, on the 12th day of May, 1887, undertook and then faithfully promised the said plaintiff to pay him the said sum of one hundred and fifty seven dollars and sixty nine cents, with interest thereon and the costs aforesaid, when he should be thereunto afterwards requested. Never-the less, the said defendant, although often requested, hath not as yet paid to the said plaintiff the said sum of one hundred and fifty seven dollars and sixty nine cents, with interest thereon and the costs aforesaid, or any part thereof, but the same to pay hath hitherto wholly refused, and still doth refuse and neglect, to the damage of the said plaintiff three hundred dollars and therefore he brings his suit.

The defendant demurred to this declaration, which demurrer was overruled by the court, and thereupon the defendant pleaded *non assumpsit,* upon which plea issue was joined, and the case was, on the 3d September, 1890, submitted to a jury; and after the plaintiff had adduced all his evidence, and rested his case, the defendant thereupon moved the court to strike out the evidence of the plaintiff, on the ground that the same was not sufficient to sustain a verdict, which motion was sustained by the court; whereupon the plaintiff was called, and the court ordered a non-suit, and that the plaintiff pay the defendant five dollars damages and costs; and again on the 5th day of September, 1890, the court ordered that, upon the payment of the costs in said action, said nonsuit be set aside, and said action

reinstated on the docket; and again, on the 3d day of December, 1890, the parties came by their attorneys, and by consent a jury was waived, and the matters of law and fact were submitted to the judgment of the court in lieu of a jury, and the court having fully heard the evidence found for the plaintiff the sum of two hundred and fifteen dollars and forty six cents, and thereupon the defendant moved the court to set aside its finding as aforesaid, on the ground that the same was contrary to the law and evidence, which motion was overruled by the court, and judgment was rendered upon said finding for two hundred and fifteen dollars and forty six cents and costs. Neither the evidence nor the facts proven were certified by the court and made part of the record. The defendant obtained a writ of error from said judgment.

The first error assigned by the plaintiff in error is that the court below erred in overruling his demurrer to the plaintiff's declaration, because the same was insufficient to base any action upon, and that the breaches are not properly assigned. One of the questions raised by this demurrer is whether the plaintiff, in his declaration, should not have assigned valid and sufficient excuses for the delays which the facts set forth in the declaration show to have existed in bringing suit upon the note against C. W. Burks by Harrison Watts, and in suing out execution thereon by said Watts or his assignee, the plaintiff. It is true that no excuse is set forth in said declaration to account for the apparent delays in taking the steps necessary to recover the money from Burks, the maker of said promissory note. Was it necessary that the averments in the declaration should show diligence in the prosecution of the suit upon said note, and in obtaining judgment and satisfaction of the same out of the goods and chattels of the defendant, Burks; and, in the absence of such averments, was said declaration liable to demurrer?

It will be perceived that the declaration, after setting forth the facts with regard to the assignment of said note, the date and manner of taking judgment on the same, the assignment of said judgment, the award of execution thereon, and the return of "No property found," concludes as

follows : "By reason whereof the said defendant became and was liable to pay to the said plaintiff the said sum of one hundred and fifty seven dollars and sixty nine cents, with interest thereon, and costs, and said defendant, in consideration thereof, being so liable as aforesaid, to wit, on the 12th day of May, 1887, undertook and then faithfully promised the said plaintiff to pay him the said sum of one hundred and fifty seven dollars and sixty nine one hundredths, last aforesaid, with interest thereon and the costs aforesaid, when he should be thereunto afterwards requested."

Now here is an express promise alleged to have been made by the defendant to the plaintiff to pay said sum of money with its interest and the costs, and the promise can not be said to be without consideration, for the law presumes that the defendant received the face value of said note in consideration of its assignment; and while it is true that considerable delay is apparent on the face of said declaration in the institution of suit upon said note, and in obtaining judgment thereon, and a return of "No property," the declaration avers that "of all these premises the said defendant afterwards, to wit, on the 12th day of May, 1887, had notice;" and yet he made the express promise above mentioned.

Was it the duty of the court below, upon demurrer, to say that want of diligence is apparent on the face of the declaration, and therefore the defendant was not liable, when it is alleged that with full notice of the averments as to the time when suit was brought, and the execution issued and returned, and being so liable—that is, as set forth in the declaration—he undertook and faithfully promised the said plaintiff to pay him the said sum *etc?* In other words, if it is apparent upon the face of the declaration that such delays have occurred in the prosecution of said claim as would release the defendant from liability, was it the duty of the court, notwithstanding the express promise alleged in the declaration, to dismiss the plaintiff's action on demurrer ? Or is not this a matter of defence, which may be shown under the general issue at the trial ?

A note on which suit is brought may be barred by the

statute of limitations, and the fact may be apparent upon the face of the declaration, yet the court would not, upon demurrer, dismiss the plaintiff's action. The barred note would be regarded as a good consideration for the new promise, and, if the defendant wished to interpose the defence, he would be required to do so by special plea; and this view is borne out by the statute, which only requires the new promise to be in writing, recognizing the old consideration as sufficient, and the plaintiff may either sue on such new promise or on the original cause of action. And so, in a suit upon a note in which a greater rate of interest than six *per cent.* is contracted for, although this may be apparent on the face of the declaration, it can not be taken advantage of upon demurrer; but the defendant is compelled to interpose his plea, if he wishes to be rid of the excess, although the statute expressly provides that the contract shall be void as to the excess.

In 7 Wait, Act. & Def. art. 3, § 1, speaking of new promises or acknowledgments, the author says: "It is now a well-settled doctrine that if a person makes a promise that he will pay a debt he justly owes, for the recovery of which all legal and equitable remedies are barred by the statute of limitations, such promise renders him liable to an action; the promise being founded upon the same legal consideration of an obligation existing *in foro conscientiæ*." See Aug. Lim. § 208.

And although in this State the new promise must be in writing, and signed by the party or his agent against whom the right shall have accrued, the principle is the same; and the defence may be either waived or relied on, as the party thinks proper. So the use of due diligence, by suit or otherwise, may be waived by the assignor; and the consideration paid by the assignee is a sufficient consideration to support the assignor's promise to pay, either express or implied.

In the case of *Coiner* v. *Hansbarger*, 4 Leigh 452, the syllabus is as follows: "C. assigns to H. a bond of W., payable on demand. If the obligor is insolvent at the time of the assignment, it is not necessary that the assignee should bring suit on the bond against him, in order to en-

title himself to recourse against the assignor. In such case the assignor is immediately liable to the assignee upon the contract of assignment. A bond payable on demand is assigned by the holder to a third person. The obligor is insolvent at the time of the assignment, and so continues. The assignee forbears to bring suit against the obligor, and makes an arrangement with him whereby he agrees to receive payment at a future day. The assignor, being informed of the fact, though ignorant of the legal effect thereof to discharge him from liability, sanctions the arrangement, and promises payment of the debt of the assignee. Held, the assignor is bound by such his promise to pay."

Again, we find that Bish. Cont. § 94 says: "The doctrine is familiar that no man is compellable to stand on a right which the law gives him. He can always waive it, if he chooses; and the rule applies equally to a right conferred by the common-law, by statute, and by a written constitution. Therefore, * * * if the right to sue upon a violated contract is barred by the statute of limitations the defendant may waive this defence. One method of waiver is to neglect to plead the statute when sued," *etc.* Section 96: "If a debt is discharged under bankruptcy or insolvency laws, the debtor, by a promise to pay it, waives the benefit of those laws, and payment may be compelled. The old consideration sustains the debt," *etc.* Section 97: "An endorser of a note or bill, who is released from liability by the holder's neglecting demand and notice, may waive this advantage; and he does waive it if he promises payment, with full knowledge of the facts." And in section 98: "Any bar tendered by the law may be waived by a promise of payment," *etc.*

Upon the question as to whether a sufficient consideration is shown by the declaration to support the express promise to pay the amount of said judgment, interest, and costs, we refer to the case of *Mackie's Ex'r* v. *Davis*, 2 Wash. (Va.) 295, in which CARRINGTON, J., delivering his opinion, said: "Independent of these principles of the common-law, which create on the part of the assignor of a bond an implied undertaking to pay if the obligor does not, the general understanding of those who enter into negotiations

of this sort should be sufficient to make the assignor liable. The assignee purchases principally upon the credit of the person from whom he receives the bond. He is not always acquainted with the obligor or with his circumstances." Again, he says: "Whether due diligince had been used by the assignee to recover against the assignor would necessarily be a matter in issue between the parties, and would, upon all the circumstances, be decided by the jury. As to the extent of the assignee's liability I think it can only reach the sum actually received, in case the obligor is able to prove it. If he can not do this, it is to be presumed that he received an equal sum with that due upon the' bond."

And LYONS, J., says in the same case: "The paper is only the evidence of his right, and in itself has no intrinsic worth. In this case we are to presume that a full consideration was given, which could not have been for the paper and wax, but for the money which the bond imports to belong to the assignor. If a full consideration had not been paid, that might have been a circumstance from which the jury might have inferred a special agreement on the part of the assignee to take the bond without recourse."

And in the case of *Bronaugh* v. *Scott*, 5 Call 78, which was an action of *assumpsit* brought by an assignee against his assignor, and the question was therein raised as to whether due diligence had been exercised by the assignee to entitle him to recover in the action, LYONS, P., after discussing at some length the question raised, said: "To conclude, the question in all such cases is whether the assignor has been injured by the gross negligence of the assignee; and it should be left to the jury to determine it, upon all the circumstances of the case."

ROANE, J., in the case of *Barksdale* v. *Fenwick*, 4 Call 504, says: "It is not necessary to state with minuteness and prolixity all the circumstances which combine to show an existence of due diligence on the part of the plaintiff. These, if the diligence be impeached, must come up on the trial."

Counsel for the plaintiff in error, in their brief filed on the reargument of this case, contend that a recovery could

not have been had upon the common counts, and refer to the case of *Nichols* v. *Porter*, 2 W. Va. 13, and quote from the syllabus of that case that in order to make an assignor liable for the payment of the money received from the assignee of a non-negotiable note, it must be averred and shown that the maker was insolvent at the time it became due, or that due diligence had been used to collect it, or that it could not have been collected by the use of due diligence; nor can there be a recovery, under such circumstances, under the common counts in *assumpsit*."

A careful examination of that case, however, will show that the syllabus, which at that time was prepared by the reporter, is not borne out by the opinion. MAXWELL, J., in delivering the opinion of the court, says: "The declaration contains six special counts and the usual common counts. * * * The first error complained of is that the court below erred in overruling the demurrer to the declaration, and to each count thereof. Upon a careful examination I am satisfied the count contained in the declaration are good, except the second and third, and that the demurrer was properly overruled as to all the counts except the two named; and these appear to have been special counts." And again he says: "Under the laws of Virginia—and the laws of this State are the same—such a note as is described in this count is not negotiable; and, to makes the assignor of such a note liable for its payment, it is well settled that the maker must be shown to be insolvent at the time the note falls due, or at the time it is assigned, if assigned after it falls due, or that due diligence has been used by the maker without making the money, or by the use of due diligence the money could not have been made."

In the case of *Drane* v. *Scholfield*, 6 Leigh, 386, it was held that in an action by an assignee against a remote assignor of a bond or note, under the statute (1 Rev. Code, c. 125, § 6)—and we have the same provision in our Code—the plaintiff may recover under the general counts for money had and received, and for money paid, laid out, and expended. TUCKER, P., in delivering his opinion, said: "There is no doubt, I think, that the assignee of a bond or note

may recover against a remote assignor upon the general counts for money had and received, and for money laid out and expended. * * * It is obvious that the statute designed to substitute the remote assignee to the right of action of the immediate assignee. It was not designed to give him a right of action which the latter had not, nor was it designed to withhold from him the right of action which the latter had. This is not only evinced by the very purpose and object of the law, but by the provision that the defendant shall have the same defence as if sued by his immediate assignee; for it is natural to presume that in authorizing the same defence the legislature contemplated the same kind of action. Now, it had long been well settled that in those actions the assignee does not recover against even his immediate assignor by force of the assignment, but by force alone of the common-law principle of the action for money had and received." Citing *Mackie's Ex'r* v. *Davis,* 2 Wash. (Va.) 219; *Riddle* v. *Mandeville,* 5 Cranch, 322, 331.

The demurrer admits that said special promise and undertaking were made and entered into on the day said execution was returned. It also admits that the defendant, anterior to the making of said special promise, had notice of the conduct of said assignees with reference to the diligence used in pursuing their remedy against said Charles Burks in said note; and if the plaintiff could have recovered on the common counts in *assumpsit* (and I can see no good reason why he should not, especially if a proper bill of particulars was filed with the declaration) as a matter of course, no excuse would be assigned for delay in the prosecution of suit on said note in such a declaration, yet the defendant would have ample opportunity to show want of diligence, if he so desired, under the general issue of *non assumpsit,* and he could do the same where the plaintiff resorted to a special count, as was done in this case, as we find in 2 Greenl. Ev. § 135, p. 121, the author says: "The defendant may give in evidence any matters in discharge of his liability to the plaintiff, non-performance of a condition precedent" *etc.*

The declaration in the case at bar sets forth sufficient

matter to enable the court to render judgment according to law and the very right of the case (see section 29, c. 125, of the Code) and if the defendant wished to show want of diligence on the part of the plaintiff, an opportunity was afforded him to do so upon the trial—the question of diligence being, as we have seen, a question for the jury (see *Bronaugh* v. *Scott*, 5 Call 78, and *Barksdale* v. *Fenwick*, 4 Call 504.) I therefore think the court committed no error in overruling said demurrer.

It is contended by counsel for the plaintiff in error that the plaintiff should have alleged and shown that the justice before whom judgment was obtained had jurisdiction; but the authorities cited by him in support of this proposition all refer to suits upon judgments, and not to cases like the one at bar, where it only is necessary to show that a judgment was obtained, upon which execution issued, and a return of "No property" was obtained, merely for the purpose of showing the insolvency of the party and the diligence of the plaintiff, which is established by showing suit against the obligor or maker, and the result thereof. *Lee* v. *Love*, 1 Call 497.

The next error assigned by the plaintiff in error is that it was error to set aside the judgment on the nonsuit without payment of costs; and that, payment not having been made, it was error to reinstate the case. It does not, however, appear affirmatively that the costs were not paid; but it does appear by the record that on the 3d day of September, 1890, it was, among other things, ordered that the plaintiff be nonsuited, and pay to the defendant five dollars. On the 5th day of September following, the parties came again by their attorneys; and thereupon it was ordered that "upon the payment of the costs in this action the nonsuit be and the same is hereby set aside, and this action be reinstated upon the docket." Again, on the 3d day of December, 1890, an order then entered shows that on that day the parties came again by their attorneys, and by consent a jury was waived, and the matters of law and fact were submitted to the judgment of the court, in lieu of a jury. This action on the part of counsel surely waived all objection to a trial of the cause without waiting

for the payment of the costs of the nonsuit, even if it is not fairly to be presumed from the preceding order that said costs were paid at the time said cause was reinstated.

The third error assigned is that "the court erred in refusing to set aside its finding on the ground that the same was contrary to the law and the evidence." As no bill of exceptions was taken setting forth the facts proved, or the evidence, it is impossible that we should know what was proven upon the trial. We can not say what excuse was shown in the evidence by the plaintiff for the alleged want of diligence in prosecuting suit on said note by the assignees thereof; and, in the absence of the facts, we must presume the court acted rightly in overruling said motion, no rule of law, so far as we are able to see from the record, having been violated by the court in arriving at its conclusion.

For these reasons the judgment complained of must be affirmed, with costs and damages to the defendant in error.

AFFIRMED.